IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| BILLY WHITE | : | BANKRUPTCY NO.: 5-04-bk-50916 |
| BETRANA WHITE, | : | |
|     DEBTORS | : | |
| | : | |
| UNITED STATES OF AMERICA | : | {**Nature of Proceeding**: Motion to Lift |
| INTERNAL REVENUE SERVICE, | : | Automatic Stay to Permit Setoff (Doc. |
|     MOVANT | : | #23} |
| | : | |
| vs. | : | |
| | : | |
| BILLY WHITE | : | |
| BETRANA WHITE, | : | |
|     RESPONDENTS | : | |

# OPINION

This matter comes before the Court on undisputed facts. The IRS holds a prepetition claim in the amount of $8,922.40, of which $1,780.52 is priority debt under 11 U.S.C. § 507. The Debtors claim a tax refund for the 2003 tax year in the amount of $3,148.00. The Chapter 13 bankruptcy filing occurred February 25, 2004. It was only subsequent to that filing that the tax return for 2003 was filed and the refund claimed. No plan has been confirmed. The Debtors have filed an exemption claim regarding the 2003 tax refund.

Pending before me is the Motion of the IRS for Relief from the Automatic Stay to permit setoff of the tax refund against the tax liability; specifically, the nonpriority tax liability.

[m:\users\cathy\wp8docs\opinions\White_04-bk-50916.wpd]

The Debtors assert that the refund claim arose postpetition by reason of their postpetition filing of the tax return for 2003 and, further, that their exemption claim overrides whatever setoff rights possessed by the IRS.

It appears that only one circuit case has addressed the precise issues raised by these facts.

In *In re Luongo*, 259 F.3d 323 (5th Cir. 2001), the Fifth Circuit concluded that a refund claim is procured by the debtor/tax payer on December 31 of the tax year in question. It further held that 26 U.S.C. § 6402(a) of the Internal Revenue Code, under similar facts, authorized the IRS to choose between returning the tax refund or reducing the tax liability. Inasmuch as § 553 of the Bankruptcy Code preserves this setoff right, there was no refund that became property of the estate that could be claimed as exempt and, therefore, the IRS was within its rights to reduce the tax liability by the refund.

While the *Luongo* decision was quite logical and coherent, its conclusions must be modified regarding a key point by reason of a Third Circuit case that arose on different facts.

In *USA, IRS v. Norton*, 717 F.2d 767 (3rd Cir. 1983), the IRS was held in contempt for failing to return a refund after a confirmed plan had theretofore addressed the tax liability of the debtor. In so concluding, the *Norton* court addressed 26 U.S.C. § 6402 and concluded that a refund claim did indeed exist notwithstanding the setoff rights of the IRS. The Court further concluded that the retention of that refund claim was sufficient, under Pennsylvania law, to constitute an intent to effectuate a setoff. *Id* at 772. The court

further held that the failure of the IRS to object to the debtor's plan providing for the tax liability in question, required the service to return the tax refund to the debtor and accept its treatment under the plan. Implicit in its holding was the conclusion that the refund was "property of the estate". The Supreme Court case of *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) has modified that conclusion to suggest that "the relevant 'property of the estate' is instead the bankrupt debtor's *claim* to the funds." *In re Continental Airlines,* 134 F.3d 536, 540 (3rd Cir. 1998)(Emphasis added).

My finding, therefore, is that the refund "claim" is property of the estate and is, at least in the Third Circuit, "exemptable" as such.

With this guidance, I first attend to the issue as to whether the refund claim is a postpetition asset because it was first requested after the filing date of the petition, notwithstanding the fact that it related to a prepetition tax year. The vast majority of cases conclude that such claims first arise at the conclusion of the tax year to which the refund relates. *In re Luongo,* 259 F.3d 323, 334 (5th Cir.2001); *Harbaugh v. United States,* 1989 WL 139254 (W.D.Pa. 1989), *aff'd,* 902 F.2d 1560 (3rd Cir. 1990); *In re Midkiff,* 271 B.R. 383, 386 (10th Cir. BAP 2002), *aff'd*, 342 F.3d 1194 (10th Cir. 2003); *In re Glenn,* 207 B.R. 418, *420 (E.D.Pa. 1997); *In re Eggemeyer,* 75 B.R. 20, 22 (Bankr. S.D.Ill. 1987); *In re Mason,* 79 B.R.786, 787-788 (Bankr. N.D.Ill. 1987). The logic of this is obvious since any other conclusion would allow a debtor to manipulate the withholding of income and the filing of the return in such a way as to "shelter" the refund

from prior year tax debts. I find that the refund claim in question is, indeed, prepetition and an asset of the case.

Next, I turn my attention to 26 U.S.C. § 6402 and find, consistent with *USA, IRS v. Norton* and *In re Continental Airlines,* there did exist a refund *claim* notwithstanding the ability of the IRS to choose to apply that overpayment to prior years' liability.

Nevertheless, does the IRS have a right of setoff against that liability? Section 553 of the Bankruptcy Code does preserve the right of setoff under the facts that are set forth here. There is, though, a provision in § 522(c) of the Bankruptcy Code that appears to modify these setoff rights. That Section provides that exempt property, with exceptions that will hereafter be referred to, is not liable for obligations accruing pre-petition. This, presumably, assists the Debtors in their fresh start. The exception to that provision specifically subjects these exemptions to prepetition, priority claims such as are partially present here in the form of priority tax liability. 11 U.S.C. § 522(c)(1).

I am mindful that another exception to the provisions of § 522(c) relates to a "debt secured by a lien". 11 U.S.C. § 522(c)(2). In this regard, the parties attention is called to 11 U.S.C. § 506(a) which reads:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, *or that is subject to setoff under section 553 of this title*, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. (Emphasis added).

A reading of this section sets forth Congress' intent to distinguish the term "secured

claim" from the word "lien", otherwise the emphasized portion of the quote would have been redundant. The exception to § 522(c) relating to liens is simply not applicable to the refund claim.

It is, therefore, the conclusion of this Court that the stay should be modified to permit the IRS to exercise its setoff rights against the refund of $3,148.00 to the extent of the priority claim of $1,780.52. As to the excess, relief from stay is denied.

An Order will follow.

Date: October 7, 2005

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*